UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD STEVEN RAMNARINE,

    Petitioner,

v.                                           Case No. 2:10-cv-88
                                                HON. GORDON J. QUIST

GARY CAPELLO,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Richard Steven Ramnarine filed this petition for writ of habeas corpus challenging his prison sentence of 20 to 40 years for one count of burning a dwelling house, MCL 750.110a(2). Respondent has filed a Motion For Summary Judgment and Dismissal of Petition For Writ of Habeas Corpus and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

Petitioner raises the following claims:

I. I do not have my brief but I believe my constitutional rights have been violated that juoro [sic] admitted she could not be fair in her decision, due to her relationship with the prosecutor secretary.

II. I do not have my brief yet attached is copy of juror admitted, she could not be fair in her decision, cause me to be wrongfully convicted, 2 retired M.S.P. arson expert, testify it was an accident–911 tape never produced at trial. For confrontation to the defendant.

III. Mr. Ramnarine's conviction should be reversed, and a new trial grant [sic], where the jury impermissibly conducted an experiment with the trial exhibits during deliberations in violation of Petitioner's

constitutional rights to be present during critical stages of the trial, to the assistance of counsel, and to confrontation, where that experiment created new evidence outside the scopr [sic] of the legitimate trial evidence. And was not subject to confrontation.

IV. The prosecutor denied the defendant a fair trial by improperly and unfairly denigrating the expert witnesses presented by the defense in an effort to undermine their credibility with the jury.

V. Trial court abused its discretion where court's reference to Osama Bin Laden was in the context of instructions to the jury to do their duty fairly and according to law.

VI. Jury misconduct exists because they found evidence of a conspiracy between defendant and another individual where no evidence existed.

VII. Ineffective assistance of appellate counsel.

Petitioner has failed to exhaust his state court remedies. Four of the seven claims Petitioner raises in his petition for writ of habeas corpus were never presented to the Michigan Court of Appeals, five of the issues were never presented to the Michigan Supreme Court, and one issue has not been presented to any Michigan court. Petitioner presented claims III, IV and VI to the Michigan Court of Appeals on direct appeal (Docket #32). Petitioner raised claims I and II on appeal to the Michigan Supreme Court (Docket #33). Petitioner presented claims III, V, and VI to the trial court in Petitioner's motion for a new trial (Docket #29). Issue VII has yet to be presented in any Michigan court.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77

2

(1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner asserts that the ineffectiveness of his appellate counsel explains his failure to raise many of the aforementioned habeas claims during his direct appeal. Further, Petitioner has failed to fairly present each of his habeas claims at every level of the state appellate courts. However, Petitioner still has an available avenue to pursue these claims through the State courts.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He may file a motion for relief from judgment under M.C.R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. M.C.R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, the Court concludes that Petitioner has at least one available state

3

remedy. Because Petitioner has raised both exhausted and unexhausted claims, his application must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982).

Accordingly, it is recommended that Respondent's Motion For Summary Judgment and Dismissal of Petition For Writ of Habeas Corpus (Docket #19) be granted and the petition be dismissed without prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds of failure to exhaust available State court remedies. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists

could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds of failure to exhaust available State court remedies. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: July 28, 2011